## DAVIS–WOOD LUMBER CO. v. RALPH ROMANO AND FEDERAL SURETY CO.

(November 13, 1928. Opinion and Decree.)

L. E. Jung, Edward Fallon, Jr., of New Orleans, attorneys for plaintiff and appellant.

Ed. De Verges, of New Orleans, attorney for defendant and appellee.

JONES, J. Plaintiff sued Ralph Romano and the Federal Surety Company jointly and in solido for the sum of one hundred fourteen and 82/100 dollars ($114.82), alleging that it sold and delivered to contractor, Ralph Romano, lumber and material for use upon the building which he was constructing for one Ambrose A. Sanders, in square bounded by Louque, Voisin, Vicksburg and St. Louis Streets.

After alleging delivery and actual use of the lumber and material on the building, it averred that it had filed an affidavit in the mortgage office and therefore had a lien on the premises.

Defendants filed exceptions of vagueness to plaintiff's petition, along with answers denying any indebtedness, and averring that even if there were any, the affidavit had been filed in the mortgage office too late to give any privilege.

Exceptions and merits were then tried together, whereupon plaintiff, after abandoning all claim to a lien, insisted on judgment against both defendants personally.

The suit was dismissed as against both defendants and plaintiff has appealed to this court.

The evidence shows that Romano and one F. P. Crockett, as partners, were running a little shop in the yard of defendant lumber company for the manufacture of frames and screens, in the early part of 1926; that defendant was paralyzed about April 12, 1926, and that the partnership was dissolved shortly thereafter, as defendant was unable to manage the business. To support its contention that the materials had been sold to Romano, plaintiff offered in evidence four dray tickets—two dated April 26, 1926, one dated May 18, 1926, and one dated May 19, 1926. Each of these tickets shows that sale was made to F. P. Crockett for delivery at the little shop above described, for use on this building.

The first two of these dray tickets are signed by F. P. Crockett and the last two by J. E. Swift, who was a carpenter working in the shop and who testified for plaintiff. The filing of these tickets in evidence was objected to by defendant on the ground that they showed on their face that the lumber had been sold to F. P. Crockett and not to defendant. Thereupon, attorney for plaintiff stated to the court that he was offering these tickets not for the purpose of showing where the material was used, but for the purpose of showing the court that there should be judgment against Romano. The judge then allowed the trial to proceed, though the tickets clearly contradicted the petition. Plaintiff then offered in evidence a letter from defendant to it, of date February 27, 1926, in which defendant authorized plaintiff to deliver to Crockett, upon his verbal order, any lumber or material for use in the shop.

After R. M. Wood, Secretary of the Davis-Wood Lumber Company, had said on direct examination that Romano had never repudiated the letter of February 26, 1926, either verbally or in writing, he admitted, on cross-examination, that he did not know when the partnership was dissolved. After being reminded of a visit that Mrs. Romano

made to his office about April 14, 1926, to notify him that the partnership had been dissolved, he testified:

"I recall something like that, but it was after this material had been supplied."

However, he could not give the date of Mrs. Romano's visit, and the date on dray tickets is twelve days after April 14, 1926.

Mr. Wood's testimony agrees with the testimony of Mrs. Romano as to his visit to the Romano home and the discussion of Crockett's indebtedness. Mrs. Romano testifies positively that she went to the office of the plaintiff company two days after Mr. Romano had a stroke of apoplexy and told R. M. Wood that her husband was ill and would not be responsible for any material that was sent to the shop. On the same visit she paid a bill for twenty and 85/100 dollars ($20.85), the total amount then claimed from Romano by plaintiff. The testimony of this witness is confirmed in part by that of L. M. Little, a witness for defendant, who states positively that Crockett owned and operated the shop. On this point, also, the testimony of J. E. Swift is partly corroborative.

The trial judge, convinced by the dray tickets, and by the testimony of Mrs. Romano, as confirmed by the other witnesses, found, as a fact, that the order of February 27, 1926, had been revoked, and in this conclusion we can see no manifest error. On the contrary, a careful examination of the entire record convinces us that it sustains his conclusions.

For above reasons the judgment is affirmed.